UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMADOR CORTES-MEZA, | Civil Action No. 25-14911 (SDW) |
| Petitioner, | |
| v. | OPINION |
| WARDEN, FCI FORT DIX, | |
| Respondent. | |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") filed by Petitioner Amador Cortes-Meza, a federal prisoner presently detained in FCI Fort Dix. (ECF No. 1-1).[1]

2. Petitioner indicates that he is seeking assistance and legal representation because he believes that he has new evidence for his case. (*Id.* at 3).

3. "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

4. A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court must dismiss a habeas corpus

---

[1] Petitioner submitted copies of his Petition in both Spanish and with English translations. (ECF Nos. 1 and 1-1). This Court will cite to the translated version. (ECF No. 1-1).

petition if it appears from the face of the petition that petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

    5.    Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).  A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).  "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)).

    6.    Petitioner's claim that he has new evidence does not fall within § 2255(e)'s narrow exception.  Therefore, this Court lacks jurisdiction over the Petition.

    7.    Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  It is not clear which court sentenced Petitioner, so this Court cannot transfer the Petition.

    8.    Therefore, the Petition will be dismissed without prejudice to Petitioner's ability to file a § 2255 motion in the appropriate court.

    9.    An appropriate order follows.

                                                                      Hon. Susan D. Wigenton,
                                                                      United States District Judge

                                                                      DATED:  9/15/2025